UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,　　　　　　　　　　CRIMINAL NO. 10-83 (JNE/JSM)

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER

DAVID RICHARD ROSETTER (1),
LAUMATAFIAFIA T. ROSETTER (2), and
VATAUOMALAO DORTHEA TAFAOA (3),

　　　Defendants.

JANIE S. MAYERON, United States Magistrate Judge

　　　The above matter came on before the undersigned upon defendant David Richard Rosetter's Pretrial Motion for Disclosure of 404(b) Evidence [Docket No. 53], Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Docket No. 55], Motion for Discovery and Inspection [Docket No. 57], Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [Docket No. 58], Motion to Disclose and Make Informant Available for Interview [Docket No. 60], Motion for Early Disclosure of Jencks Act Material [Docket No. 62], Motion for Government Agents to Retain Rough Notes [Docket No. 63], Motion for Discovery of Expert Under Rule 16(a)(1)(G) [Docket No. 64], and Motion for Severance of Defendants [Docket No. 67]; defendant Laumatafiafia T. Rosetter's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26 [Docket No. 34], Motion for an Order Requiring the Prosecution and Investigating Agents to Preserve All Handwritten and Tape Recorded Notes of Interviews, Debriefings, or Surveillances of Defendant, Alleged Co-

Conspirators, Witnesses, and Informants [Docket No. 36], and Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews [Docket No. 39]; and upon defendant Vatauomalao Dorthea Tafaoa's Motion for Discovery [Docket No. 41], Motion for Disclosure of Exculpatory Information [Docket No. 46], Motion for Notice of Other Offenses [Docket No. 48], and Motion for Order Requiring Government to Preserve Rough Notes [Docket No. 50].[1]

Lisa Kirkpatrick, Assistant United States Attorney, appeared on behalf of the United States of America; Douglas Olson, Esq., appeared on behalf of defendant David Richard Rosetter, who was personally present; Daniel L. Gerdts, Esq. appeared on behalf of defendant Laumatafiafia T. Rosetter, who was personally present; and Matthew D. Forsgren, Esq. and Ankoor Bagchi, Esq. appeared on behalf of Vatauomalao Dorthea Tafaoa, who was personally present.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED that:**

1.     Defendant David Richard Rosetter's Pretrial Motion for Disclosure of 404(b) Evidence [Docket No. 53] is **DENIED** as moot based on the representations of

---

[1] Defendant David Richard Rosetter's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 65] and Motion to Suppress Statements, Admissions, and Answers [Docket No. 66], defendant Laumatafiafia T. Rosetter's Motion to Suppress All Evidence Obrtained from Unlawful Searches and Seizures [Docket No. 35] Motion to Suppress Statements Made by Defendant [Docket No. 37], and Motion to Suppress All Electronic Surveillance Evidence and All Disclosed Electronic Communications and Any Evidence Derived Therefrom [Docket No. 38], and defendant Vatauomalao Dorthea Tafaoa's Motion for Suppression of Physical Evidence [Docket No. 42] and Motion for Suppression of Statements [Docket No. 44] will be addressed by a Report and Recommendation, to be issued separately.

the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions. The Government will provide Rule 404(b) evidence 14 days prior to trial.

2. Defendant David Richard Rosetter's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Docket No. 55] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

3. Defendant David Richard Rosetter's Motion for Discovery and Inspection [Docket No. 57] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

4. Defendant David Richard Rosetter's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [Docket No. 58] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

5. Defendant David Richard Rosetter's Motion to Disclose and Make Informant Available for Interview [Docket No. 60] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

6. Defendant David Richard Rosetter's Motion for Early Disclosure of Jencks Act Material [Docket No. 62] is **DENIED** as moot based on the representations of the

Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

7. Defendant David Richard Rosetter's Motion for Government Agents to Retain Rough Notes [Docket No. 63] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

8. Defendant David Richard Rosetter's Motion for Discovery of Expert Under Rule 16(a)(1)(G) [Docket No. 64] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions. The Government will provide expert discovery one month prior to trial.

9. Defendant David Richard Rosetter's Motion for Severance of Defendants [Docket No. 67] is **DENIED** as set forth in the attached Memorandum.

10. Defendant Laumatafiafia T. Rosetter's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26 [Docket No. 34] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions. Pursuant to the July 26, 2010 letter provided to the Court by Laumatafiafia T. Rosetter's counsel, Daniel Gerdts, the Government does not object to Laumatafiafia T. Rosetter's request for production of copies of the actual disks provided by the internet service providers in response to the search warrants issued in this case. The Government further agreed to provide an audio recording of a recorded telephone call with Laumatafiafia T. Rosetter, and will look to see if any report exists

regarding the meeting between an FBI agent and the private party who made the recording.

11. Defendant Laumatafiafia T. Rosetter's Motion for an Order Requiring the Prosecution and Investigating Agents to Preserve All Handwritten and Tape Recorded Notes of Interviews, Debriefings, or Surveillances of Defendant, Alleged Co-Conspirators, Witnesses, and Informants [Docket No. 36] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

12. Defendant Laumatafiafia T. Rosetter's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews [Docket No. 39] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

13. Defendant Vatauomalao Dorthea Tafaoa's Motion for Discovery [Docket No. 41] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

14. Defendant Vatauomalao Dorthea Tafaoa's Motion for Disclosure of Exculpatory Information [Docket No. 46] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

15. Defendant Vatauomalao Dorthea Tafaoa's Motion for Notice of Other Offenses [Docket No. 48] is **DENIED** as moot based on the representations of the

Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

16. Defendant Vatauomalao Dorthea Tafaoa's Motion for Order Requiring Government to Preserve Rough Notes [Docket No. 50] is **DENIED** as moot based on the representations of the Government in its response to defendant's pretrial motions and representations of defendant's counsel at the hearing on the pretrial motions.

Dated: August 2, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

I. **Factual Background**

All three defendants are all charged with aiding and abetting one another to commit eight counts of extortion pursuant to 18 U.S.C. §§ 2 and 844(e). Indictment [Docket No. 1]. It is alleged that between January 16, 2007 and June 22, 2007, each defendant aided and abetted the others using instruments of interstate or foreign commerce to willfully make a threat and maliciously convey false information concerning an attempt and alleged attempt to be made to kill, injure and intimidate another individual. Id.

Defendant David Richard Rosetter has moved for severance. See Docket No. 67. Rosetter contended that the defendants were not properly joined under Rule 8, the jury will have difficulty distinguishing the alleged acts of each defendant from those of

his co-defendants, evidence may be introduced by and against each defendant which would be inadmissible against other defendants in a separate trial, he would obtain a more fair and impartial trial if tried separately, and a severance is necessary to avoid unfair prejudice. Id., p. 1.

**II.     Discussion**

Where multiple defendants are jointly indicted for multiple offenses, the court applies Rule 8(b) of the Federal Rules Criminal Procedure. See United States v. Jones, 880 F.2d 55, 60-61 (8th Cir. 1989). "Courts generally read 'same series of acts or transactions' to mean 'acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy.'" Id. at 61 (quoting United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir.1985), cert. denied, 475 U.S. 1021 (1986)). "It is a well settled rule in [the Eighth] [C]ircuit that the propriety of joinder must appear on the face of the indictment." United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982) (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977); Chubet v. United States, 414 F.2d 1018, 1020 (8th Cir. 1969)); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (same) (citation omitted). "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Bledsoe, 674 F.2d at 656 (citing United States v. Ford, 632 F.2d 1354, 1372-73 (9th Cir. 1980)). "The prerequisites for joinder of defendants under Rule 8(b) should be liberally construed. A broad reading of Rule 8(b) is justified because Fed. R. Crim. P. 14 provides a means by which trial courts can protect defendants from prejudice resulting

from joint trials." Bledsoe, 674 F.2d at 655 (citing Williams v. United States, 416 F.2d 1064, 1069 (8th Cir. 1969)); see also United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (citation omitted).

The Court concludes that since all defendants were charged with aiding and abetting one another to commit the same series of crimes, the defendants were properly joined. The Indictment charges all of the defendants with the same eight counts of extortion pursuant to 18 U.S.C. §§ 2 and 844(e). See Indictment. As such, this Court finds joinder of the defendants is proper under Rule 8(b). See United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004) (quoting United States v. Boyd, 610 F.2d 521, 525 (8th Cir.1979)) ("generally defendants 'charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts.'"); United States v. Houston, 892 F.2d 696, 703 (8th Cir. 1989) (joinder proper where "indictment charged all of the defendants with participation in a single conspiracy and charged several of the defendants with various substantive counts arising from the same conspiracy"); see also United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989) (quoting United States v. Adkins, 842 F.2d 210, 212 (8th Cir. 1988)) ("'In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.'"). Here, defendants were properly joined for trial.

"Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004), quoting United States v. Darden, 70 F.3d

1507, 1528 (8th Cir.1995) (quotation omitted). Nonetheless, under Rule 14 of the Federal Rules of Criminal Procedure, the court may order separate trials if it appears that a defendant would prejudiced by a joinder of defendants at trial. United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002).

Rule 14 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A court "'should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Taylor, 253 F.3d 1115, 1116-17 (8th Cir. 2001) (quoting Zafiro v. United States, 506 U.S. 534, 538 (1993)). A showing that a defendant's chances of acquittal would have been more favorable if he or she had been tried alone is not sufficient to justify severance. See United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) (citation omitted). The defendant must show that joinder prejudiced his or her right to a fair trial. Id. "'To grant a motion for severance, the necessary prejudice must be severe or compelling.'" United States v. Jenkins-Watts, 574 F.3d 950, 967 (8th Cir. 2009) (quoting United States v. Liveoak, 377 F.3d 859, 864 (8th Cir. 2004)). Prejudice "may be demonstrated by showing either that the defendants' defenses are irreconcilable or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Frank, 354 F.3d at 920 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003)). See also United States v. Abfalter, 340 F.3d 646, 652 (8th Cir. 2003) (quoting United States v. Gutherlet, 939 F.2d 643, 645 (8th Cir. 1991)

9

(same)). "A defendant is not entitled to severance simply because evidence may be admissible as to one defendant but not as to another, nor is he entitled to relief merely because the evidence against his codefendants is stronger." United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir. 1985) (citing United States v. Reeves, 674 F.2d 739, 746 (8th Cir. 1982)). "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." United States v. Davis, 534 F.3d 903, 917 (8th Cir. 2008). Lastly, "[i]n a ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003).

Further, speculative allegations of prejudice do not amount to the "showing of real prejudice" required before severance is mandated. See United States v. Finn, 919 F. Supp. 1305, 1324 (D.Minn. 1995) (in denying motion to sever, court stated that "we have not been presented with any cogent showing that the evidence at trial will be so complex or confusing that... jury will be disposed to cumulate the evidence against each defendant"); see also United States v. Garrett, 961 F.2d 743, 746 (8th Cir. 1992) (defendant "must make a showing of real prejudice by demonstrating that the jury was unable to compartmentalize the evidence") (quoting United States v. Givens, 712 F.2d 1298, 1300 (8th Cir. 1983)).

In support of his motion to sever, Rosetter merely claims, without further explanation, that the defendants were improperly joined, the jury will have difficulty distinguishing the alleged acts of each defendant, evidence may be introduced by and against each defendant which would be inadmissible against other defendants in a

separate trial, he would obtain a more fair and impartial trial if tried separately, and a severance is necessary to avoid unfair prejudice

Rosetter has not presented any facts to support his argument to sever, and has not provided the Court with a memorandum of law in support of his motion. He has not specifically identified which acts of each defendant the jury will have trouble distinguishing, or what prejudicial evidence might be introduced that will be admissible against one or some defendants but not others. He has only submitted a boilerplate motion containing assertions of potential prejudice. Conclusory statements that a defendant will suffer prejudice are insufficient. As such, Rosetter's motion is entirely speculative. Therefore, Rosetter's motion to sever is denied.

J.S.M.